COFFEY, Circuit Judge,
concurring.
I write separately only to emphasize that I remain convinced that Trustmark was under no obligation to cover Grace Fuja’s request for bone marrow treatment. See Fuja v. Benefit Trust Life Ins. Co., 18 F.3d 1405 (7th Cir.1994). However, the fact remains that Trustmark made the decision and agreed to pay for the bone marrow transplant before this court published its decision without placing any conditions and/or qualification on the promise to pay. So although I am of the opinion, for the reasons stated previously in Fuja, supra, that Trustmark was not legally obligated to pay for the bone marrow transplant under the insurance contract, I agree ° with the majority’s position that Trust-mark, via its unqualified promise to pay, is now estopped from seeking recovery of the money it paid to UCH.